**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50117 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00193-GT |
| v. | |
| MARIO GOMEZ-LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Mario Gomez-Lopez appeals from the district court's judgment and

challenges the 24-month consecutive sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez-Lopez contends that the district court erred by failing to explain the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence and why it rejected his nonfrivolous mitigating arguments. The record reflects that the district court considered Gomez-Lopez's arguments and adequately explained its reasons for imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93, 995 (9th Cir. 2008) (en banc).

Gomez-Lopez next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Gomez-Lopez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors, including Gomez-Lopez's failure to be deterred and breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Moreover, the court did not abuse its discretion by ordering that the revocation sentence be served consecutively to the sentence imposed for his new illegal reentry conviction. *See* U.S.S.G. § 7B1.3(f).

To the extent that Gomez-Lopez contends that the district court imposed the sentence to punish him for his new illegal reentry conviction, the record reflects that the court properly considered Gomez-Lopez's history of immigration offenses as being indicative of his propensity for recidivism and lack of respect for the court's command. *See Simtob*, 485 F.3d at 1062-63.

**AFFIRMED.**

13-50117